**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Nelson L. Bruce, ) | |
| ) | Civil Action No. 2:21-CV-00895-BHH-MGB |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| T-Mobile USA, Inc., et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DECLARATION OF SHELLY GREEN IN SUPPORT OF DEFENDANT
T-MOBILE USA, INC.'S MOTION TO VACATE ENTRY OF DEFAULT**

I, Shelly Green, do hereby declare and say:

1. I am over the age of twenty-one (21) and competent to make this declaration. The facts listed below are within my personal knowledge.

2. I am currently employed by T-Mobile USA, Inc. as Senior Paralegal.

3. On June 28, 2021, T-Mobile reached out to Plaintiff to discuss his claim and see if the parties could reach a resolution.

4. We scheduled a remote meeting with Plaintiff for June 30, 2021.

5. In advance of the meeting, I provided Plaintiff with information he had previously obtained from T-Mobile in response to his January 21, 2021 correspondence. A true and correct copy of T-Mobile's April 6, 2021 letter Plaintiff is attached hereto as **Exhibit A**.

6. During the meeting on June 30, 2021, I advised Plaintiff that T-Mobile did not have any record of requesting the credit check identified on Plaintiff's Transunion credit report.

7. During the meeting, Plaintiff represented to me that he was willing to dismiss his lawsuit after T-Mobile provided additional information as to why Transunion pulled Plaintiff's credit if T-Mobile had not made a request to check Plaintiff's credit.

8. I was in the process of obtaining this additional information when I learned that default had been entered by the Court.

9. I was surprised that Plaintiff requested that default be entered given his representation that he would dismiss the action after T-Mobile provided additional information.

10. Since the June 30, 2021 meeting, I have learned that credit bureaus such as Transunion use a proprietary search logic to link the data sent by a company, such as T-Mobile, to a specific customer in the credit bureau's files.

11. It is my understanding that the search logic does not require a 100% match of the consumer's social security number or other identifying information to link the credit request to another, different consumer in the credit bureau's files.

12. I do not know the exact details of the search logic, but have learned that, based on that search logic, it is possible for a disconnect to exist between the consumer's information submitted by T-Mobile to the credit bureau and the consumer for whom the credit bureau runs a credit check, due to no fault of T-Mobile.

13. Thus, it is possible that a different individual applied for T-Mobile service using information that was similar to Plaintiff's and the credit bureau matched it to Plaintiff.

14. I had not yet been able to share this information with Plaintiff when he filed the request to enter default.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: August 5, 2021

*Shelly L Green*
Shelly Green