# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| **Nelson L. Bruce,** ) | Case No. 2:21-cv-00895-BHH-MGB |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| ) | |
| **T-Mobile USA, Inc.,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

Plaintiff, proceeding *pro se*, brought this civil action for violations under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681(b). (Dkt. No. 1.) This matter is before the Court upon a Motion to Vacate Entry of Default filed by Defendant T-Mobile USA, Inc. (Dkt. No. 26.) Specifically, Defendant seeks to set aside the entry of default entered against it on August 2, 2021. (Dkt. No. 21.)

To obtain default judgment, a party must first move the court for entry of default, and then it must move the court for default judgment. Fed. R. Civ. P. 55(a) and (b); *United States v. Fox*, No. 5:07-cv-82, 2007 WL 4395698, at *1 (W.D.N.C. Dec.13, 2007). Here, having not received a response from Defendant by the time its responsive pleading was due, Plaintiff moved for entry of default. (Dkt. No. 17; Dkt. No. 20.) In support of his Motion, Plaintiff attached his affidavit, in which he averred that he met with Defendant's representatives on June 30, 2021 and agreed to a two week extension for Defendant "to file an answer to the complaint to research the claims." (Dkt. No. 20.) Plaintiff averred that Defendant failed to file an answer within the time agreed on by the parties. (*Id.*) The Clerk of Court entered the default on August 2, 2021. (Dkt. No. 21.)

1

Rule 55(c) provides that "for good cause shown the court may set aside an entry of default." Fed. R. Civ. P. 55(c). In determining whether a party merits relief from default, the Fourth Circuit has considered a variety of factors, including a) the existence of a meritorious defense, b) the promptness of the moving party, c) the personal responsibility of the moving party, d) prejudice to the non-moving party, e) any history of dilatory action, and f) the availability of less drastic sanctions. *Fox*, 2007 WL 4395698, at *2 (citing *Payne v. Brake,* 439 F.3d 198, 204–05 (4th Cir. 2006)); *Jackson v. Beech,* 636 F.2d 831, 836 (D.C. Cir. 1980)). The Fourth Circuit has further cautioned that Rule 55(c) "must be liberally construed in order to provide relief from the onerous consequences of defaults and default judgments." *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 954 (4th Cir. 1987) (internal quotations and citations omitted).

Here, Defendant has filed a Motion to Vacate the Entry of Default, asserting that it was in the process of good faith negotiation with Plaintiff to resolve his dispute when it learned that Plaintiff sought and this Court entered default against it. (Dkt. No. 26-2 at 1.) Defendant asserts that "[g]ood cause exists to vacate the default pursuant to Rule 55 because . . . T-Mobile has meritorious defenses to Plaintiff's claim, acted promptly to vacate default, is not responsible for the default, and has no history of dilatory conduct." (*Id.*) Defendant also asserts that there is "no prejudice to Plaintiff if the Entry of Default is vacated." (*Id.*)

In support of its Motion, Defendant has attached the declaration of Defendant's senior paralegal, Shelly Green ("Green"). (Dkt. No. 26-3.) Green avers that she met with Plaintiff on June 30, 2021 on behalf of Defendant, and Plaintiff indicated he was willing to dismiss this lawsuit if Defendant provided certain information about the credit check at issue. (*Id.* at 1.) Green avers she was in the process of obtaining that additional information when she learned that default had been entered by the Court. (*Id.* at 2.)

      Based on the foregoing, the Court finds that Defendant has shown good cause for setting aside the entry of default against it. Fed. R. Civ. P. 55(c). As described above, Defendant was in the process of good faith negotiation with Plaintiff when the entry of default was entered. Plaintiff's affidavit supports Green's declaration that she met with Plaintiff on June 30, 2021. (Dkt. No. 20.) While a better practice would have been for Defendant to notify the Court of the reason for its delay in appearing in this action, the circumstances support setting aside the entry of default. *See Lolatchy*, 816 F.2d at 954. Further, setting aside the default will not harm Plaintiff's opportunity to fully litigate his claims. Due to the posture of this case, a scheduling order has not yet been entered.

      The Court therefore GRANTS the Motion to Vacate Entry of Default (Dkt. No. 26) and directs the Clerk of Court to set aside the entry of default as to Defendant T-Mobile USA, Inc. Defendant is hereby ORDERED to file an Answer or other responsive pleading by **August 13, 2021.**

      IT IS SO ORDERED.

August 6, 2021  
Charleston, South Carolina

MARY GORDON BAKER  
UNITED STATES MAGISTRATE JUDGE

3