Record/FILE ON DEMAND

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Nelson L. Bruce, | ) | |
| | ) | |
| Plaintiff | ) | Case No.: 2:21-cv-00895-BHH-MGB |
| | ) | |
| v. | ) | |
| | ) | |
| T-Mobile USA, Inc., et al., | ) | **PLAINTIFFS' MOTION TO JOIN** |
| | ) | **TRANSUNOIN, LLC AS A** |
| Defendants. | ) | **NECESSARY PARTY** |

COMES NOW Plaintiff Nelson L. Bruce, with his Motion to Join Transunion as a necessary party to the case. Transunion has an interest in this case because they provide access to agencies such as T-Mobile to create a credit inquiry into consumer's credit report and could be liable as well for allowing access to an agency without a permissible purpose. They are also a necessary party because they would have information material to the merits of this case that would evidence the facts that would support the merits of the party's claims and defenses including the systems they use such as a core logic system which defendant T-Mobile claims is faulty. Joining Transunion will not prejudice the current defendant as they will also have the opportunity to discovery from Transunion that could help in their defenses to this matter.

Whether a party is required to be joined in an action under Rule 19 depends on a three-step analysis. See generally ***Keweenaw Bay Indian Cmty. v. Michigan*, 11 F.3d 1341, 1345-46 (6th Cir. 1993)**. First, a court must "determine whether a person is necessary to the action and should be joined if possible" under Rule 19(a)(1). Id. at 1345. Rule 19(a)(1) provides:

(a) Persons Required to Be Joined if Feasible.

(1) Required Party. A person who is subject to service of process and whose joinder will

not deprive the court of subject-matter jurisdiction must be joined as a party if:

>    (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>    (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>    >    (i) as a practical matter impair or impede the person's ability to protect the interest; or
>    >    (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest. Fed. R. Civ. P. 19(a)(1).

If the court finds that the absent person falls within subsection (A) or (B), then the court proceeds to the second step of the analysis and considers the issues of personal jurisdiction and indispensability. *Keweenaw Bay*, 11 F.3d at 1345. "If personal jurisdiction is present, the party shall be joined. Id. (quoting *Local 670 v. Int'l Union, United Rubber, Cork, Linoleum and Plastic Workers of Am.*, 822 F.2d 613, 618 (6th Cir. 1987)) (emphasis in original). Under Rule 19(a)(2), "the court must order that the person be made a party," and if the person refuses to join as a plaintiff, the person "may be made either a defendant or, in a proper case, an involuntary plaintiff." Generally, if a person can be brought within the jurisdiction of the court, but refuses to join as a plaintiff, the person should be served with process and joined as a defendant. A court may then realign the party with the plaintiffs, based on their interests. *See, e.g., City of Indianapolis v. Chase Nat'l Bank of City of New York*, 314 U.S. 63, 71 (1941) (noting that federal courts have a "duty to look beyond the pleadings, and arrange the parties according to their sides in the dispute") (internal quotations omitted). Involuntary plaintiff status is generally reserved for situations in which joinder as a defendant implicates jurisdictional issues. *See generally Indep. Wireless Tel. Co. v. Radio Corp. of Am.*, 269 U.S. 459 (1926).

In contrast, if "the party cannot properly be brought before the court . . . the court proceeds to the third step, which involves an analysis of the facts set forth in Rule 19(b) to determine

whether the court may proceed without the absent party or, to the contrary, must dismiss the case due to the indispensability of that party." *Id.* **at 1345-46**. The Rule 19(b) factors are:

(1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;

(2) the extent to which any prejudice could be lessened or avoided by:

    (A) protective provisions in the judgment;
    (B) shaping the relief; or
    (C) other measures;

(3) whether a judgment rendered in the person's absence would be adequate; and

(4) whether the plaintiff would have an adequate remedy if the action were dismissed for Nonjoinder Fed. R. Civ. P. 19(b).

As a threshold issue, Defendant contends that the Rule 19 analysis in this case is limited to analysis of the requirements of subsection (a)(1), because there are no issues related to personal jurisdiction over Plaintiffs' spouses and the trust. Plaintiffs agree that the Court would have personal jurisdiction over the parties that Defendant contends are necessary. Thus, the Court's analysis is confined to the first step of the Rule 19 analysis

WHEREFORE, Plaintiff respectfully requests that this court grant this motion to Join Transunion, LLC as a necessary party to the case. Dated 13th day of **September, 2021**.

RESPECTFULLY PRESENTED,                                           "Without Prejudice"

                                                */s/ Nelson L. Bruce  9-13-21*
                                            Nelson L. Bruce, Propria Persona, Sui Juris
                              "All Natural Rights Explicitly Reserved and Retained"
                                                      U.C.C.1-207/ 1-308, 1-103.6
                                                             c/o 144 Pavilion Street
                                                   Summerville, South Carolina 29483
                                                                 Phone: 843-437-7901
                                                      Email: leonbruce81@yahoo.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing will be electronically mailed to all parties on the service list **via the: UNITED STATES POSTAL SERVICE by the UNITED STATES POST OFFICE via Postage Prepaid Certified Mail No. 7020 2450 0000 0106 7154.**

**SENT TO:**

K&L GATES LLP
Attention: M. Claire Flowers
134 Meeting Street, Suite 500
Charleston, SC 29401
(843) 579-5600
*Counsel of Record Attorney for Defendant T-Mobile USA, Inc..*

"Without Prejudice"

_____
Nelson L. Bruce, Propria Persona, Sui Juris
"All Natural Rights Explicitly Reserved and Retained"
U.C.C.1-207/ 1-308, 1-103.6
c/o 144 Pavilion Street
Summerville, South Carolina 29483
Phone: 843-437-7901
Email: leonbruce81@yahoo.com