**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| Nelson L. Bruce, | ) Civil Action No. 2:21-CV-00895-BHH-MGB |
| Plaintiff, | ) |
| v. | ) |
| T-Mobile USA, Inc., et al., | ) **MEMORANDUM OF LAW IN SUPPORT** |
| | ) **OF DEFENDANT'S MOTION FOR** |
| Defendants. | ) **JUDGMENT ON THE PLEADINGS** |
| | ) |

Defendant, T-Mobile USA, Inc. ("T-Mobile"), respectfully submits this Memorandum of Law in Support of its Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c).

**PRELIMINARY STATEMENT**

Plaintiff Nelson L. Bruce ("Plaintiff") filed a Complaint against T-Mobile stemming from a purported May 2020 credit check that appeared on Plaintiff's Transunion credit report, which Plaintiff contends was performed by T-Mobile without his authorization. As a result of this allegedly unauthorized credit check, Plaintiff asserts that T-Mobile negligently and willfully violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 (the "FCRA" or the "Act"), and that he is entitled to statutory damages. Notably absent from Plaintiff's Complaint are any specific factual allegations supporting Plaintiff's claim that T-Mobile negligently, knowingly, or intentionally violated Plaintiff's rights. A pleading deficiency such as this is fatal to any claim alleging a negligent or willful violation of the Fair Credit Reporting Act. Plaintiff's Complaint is also devoid of any allegation that Plaintiff suffered actual damages as a result of the purportedly unauthorized credit check—a pleading deficiency fatal to Plaintiff's claim alleging negligent violation of the FCRA. In the absence of specific factual allegations that T-Mobile negligently, knowingly, or

intentionally violated Plaintiff's rights or that T-Mobile's conduct caused Plaintiff to suffer actual damages, Plaintiff's claim for violation of the FCRA fails as a matter of law and must be dismissed. Accordingly, T-Mobile respectfully requests that this Court enter judgment in its favor based on the pleadings and dismiss Plaintiff's Complaint in its entirety with prejudice.

## ALLEGATIONS IN COMPLAINT

Plaintiff alleges that in January 2021, he reviewed his "Transunion credit report" and observed that T-Mobile conducted an "unauthorized and unlawful" inquiry of his credit on May 18, 2020. (Compl., ECF No. 1). Plaintiff alleges that he did not conduct any business with or incur any financial obligations to T-Mobile on the date on which the credit inquiry was allegedly submitted and, accordingly, T-Mobile did not have his consent to inquire into his credit. (*Id.* ¶¶ 25, 28). Plaintiff alleges that, as a result of the credit inquiry, he "believes his credit score was lowered." (*Id.* ¶ 30). The credit report attached as Exhibit A to Plaintiff's Complaint, however, states that the purported inquiry by T-Mobile is "not seen by anyone but you *and will not be used in scoring your credit file*." (Compl., Ex. A at 3 (emphasis added)).

Based on these allegations alone, Plaintiff asserts a cause of action against T-Mobile for negligent and willful violation of the FCRA, 15 U.S.C. §§ 1681, *et seq.* (*Id.* ¶¶ 34-38). He seeks statutory damages of $1,000 pursuant to 15 U.S.C. § 1681n(a)(1) and statutory punitive damages of no less than $3,000 pursuant to 15 U.S.C. § 1681n(a)(2). (*Id.* ¶¶ 35-36, 40-42).

## LEGAL STANDARD

Motions for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) are governed by the same standard that governs motions to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *BET Plant Services v. W.D. Robinson Elec. Co.*, 941 F. Supp. 54, 55 (D.S.C. 1996). As such, even if all allegations in the complaint are accepted as true and viewed in the light most

favorable to the plaintiff, a complaint must be dismissed where the plaintiff is unable to show that he is entitled to the relief being sought, *Drager v. PLIVA USA, Inc.*, 741 F.3d 470, 474 (4th Cir. 2014), and the plaintiff "can prove no set of facts in support of a claim that would entitle him to relief." *Farley v. CSX Transp., Inc.*, 144 F. App'x 962, 963 (4th Cir. 2005).

In order to survive a motion to dismiss and, accordingly, a motion for judgment on the pleadings, a complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff must allege facts that raise more than the "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Naked assertion[s]" devoid of "further factual enhancement" are insufficient to survive dismissal. *Twombly*, 550 U.S. at 557. For this reason, a complaint that contains "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will also not suffice. *Ashcroft*, 556 U.S. at 678. Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.*

## ARGUMENT

### I. Plaintiff Fails to Allege Facts Sufficient to State a Claim for a Willful or Negligent Violation of the FCRA.

To establish an FCRA claim for the willful or negligent acquisition of a consumer report, a plaintiff must prove: "(i) that there was a consumer report, (ii) that defendants used or obtained it, (iii) that they did so without a permissible statutory purpose, and (iv) that they acted with the specified culpable mental state." *Gavin v. Enter. Recovery Sys., Inc.*, No. CV 7:16-344-TMC, 2017 WL 24254, at *2 (D.S.C. Jan. 3, 2017). Regarding the defendant's mental state, the plaintiff must plausibly allege that the defendant either negligently or willfully violated the FCRA. *Gomeringer v. Pack*, No. CIV.A. 6:15-1048-TMC, 2015 WL 5158742, at *4 (D.S.C. Sept. 2,

2015). With respect to alleged willful violations of the FCRA, a plaintiff "must set forth specific allegations to demonstrate willfulness." *Id.* "A mere assertion of willful noncompliance with the FCRA will not, on its own, satisfy Rule 8(a)." *Id.* To overcome this "high standard," *Berry v. Schulman*, 807 F.3d 600, 605 (4th Cir. 2015), a plaintiff "must allege sufficient facts so that the court can infer defendant 'knowingly and intentionally committed [the violation] . . . in conscious disregard for [his] rights.'" *Gomeringer*, 2015 WL 5158742 at *4 (quoting *Dalton v. Capital Associated Indus., Inc.*, 257 F.3d 409, 418 (4th Cir. 2001)). Courts in the Fourth Circuit routinely dismiss claims alleging willful violations of the FCRA that merely contain "legal conclusion[s]" alleging that a defendant "willfully violated" the FCRA. *Romanello v. Cap. One Bank (USA), N.A.*, No. 5:14-CV-177-FL, 2014 WL 6666900, at *5 (E.D.N.C. Nov. 24, 2014). *See also Vecchione v. Pro. Recovery Consultants, Inc.*, No. 1:13CV584, 2014 WL 12588495, at *4 (M.D.N.C. May 19, 2014) ("Because Plaintiff alleges 'willful non-compliance,' but does not allege any facts to support a willful mental state, Plaintiff's Complaint also fails to state the fourth element of an FCRA."); *Boston v. Client Servs. of Mo., Inc.*, No. 3:13CV184, 2013 WL 5925902, at *2 (W.D.N.C. Nov. 1, 2013) ("Indeed, even where defendants have made a good faith mistake in pulling a consumer report, there is no violation of the FCRA.").

Here, Plaintiff's Complaint is devoid of plausible allegations establishing that T-Mobile acted negligently or willfully. Instead, Plaintiff's Complaint contains nothing more than bald legal conclusions that parrot the elements of a claim for violation of the FCRA. Plaintiff alleges only that "Defendant submitted an unauthorized and unlawful credit inquiry to Plaintiff's credit report information in violation of the FCRA," that "Plaintiff did not conduct any business nor incur any additional financial obligations with Defendant during the date . . . [when] his credit was pulled," and that "[t]he foregoing acts and omissions constitute willful, reckless or negligent violations of

the FCRA." (Compl. ¶¶ 24-25, 35). These are legal conclusions that are entitled to no deference. *Iqbal*, 556 U.S. at 678. Plaintiff also fails to allege any facts supporting a willful mental state as necessary to state a claim for willful violation of the FCRA. *Berry*, 807 F.3d at 605; *Dalton*, 257 F.3d at 418. Accordingly, Plaintiff's Complaint fails to state a claim for negligent or willful violation of the FCRA and must be dismissed.

## II. Plaintiff Cannot State a Claim for Violation of the FCRA Because He Does Not Allege He Has Suffered Actual Damages.

In addition to failing to allege plausible factual allegations sufficient to state a claim for violation of the FCRA, Plaintiff's claim for violation of the FCRA fails as a matter of law because Plaintiff does not allege that he has suffered actual damages.

As a threshold matter, it is well-settled that this Court lacks the authority to hear any dispute in which the plaintiff does not have standing to sue under Article III of the United States Constitution. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). To satisfy this constitutional prerequisite to filing suit, a plaintiff must demonstrate that he "(1) suffered an injury in fact, (2) [the injury is] fairly traceable to the challenged conduct of the defendant, and (3) [the injury] is likely to be redressed by a favorable judicial decision." *Id.* As the party invoking federal jurisdiction, the plaintiff "bears the burden of establishing these elements" by "clearly . . . alleg[ing] facts demonstrating each element." *Id.* The failure to do so warrants dismissal of a plaintiff's complaint. *Id.* at 1553.

The United States Supreme Court has made clear that, with respect to alleged violations of the FCRA, a plaintiff "cannot satisfy the demands of Article III by alleging a bare procedural violation" of the Act. *Id.* at 1549–50 (holding that a procedural violation "divorced from any concrete harm" cannot satisfy the injury-in-fact requirement of Article III. For this reason, courts

in this Circuit regularly dismiss claims for violation of the FCRA where, like here, a plaintiff alleges only that a defendant procedurally violated the FCRA by conducting an unauthorized credit inquiry without also demonstrating that the alleged violation resulted in some concrete harm. *See, e.g.*, *Minix v. Cent. Source, LLC*, No. 1:19-CV-108, 2019 WL 6121413, at *8 (N.D. W.Va. Sept. 25, 2019) (finding plaintiff did not "sufficiently alleged any concrete or particularized harm caused by Defendant Capital One's inquiries into his credit file to establish an injury in fact" as his "assertions are legal conclusions, devoid of any factual enhancement, suggesting mere procedural violations divorced from any concrete harm"); *Nowlin v. Avis Budget Grp.*, No. 1:11CV511, 2011 WL 7087108, at *2 (M.D.N.C. Dec. 22, 2011) ("An alleged decrease in credit score is not sufficient to state a claim for damages.").

Moreover, where a plaintiff alleges that a defendant negligently violated the FCRA, as Plaintiff does here, the plaintiff must plead facts demonstrating that he suffered actual damages as a result of the alleged violation; an allegation of statutory damages alone is insufficient to state a claim of a negligent violation of the Act. *Robinson*, 560 F.3d at 239 (noting that plaintiff must incur "actual damages" to prevail on claim for negligent violation of FCRA); *Guimond v. Credit Bureau Inc. of Ga.*, 955 F.2d 41, at *2 (4th Cir. 1992) (unpublished Table opinion) ("[Plaintiff] has shown no actual damages flowing from this delay, as required for recovery under [the FCRA]."); *Gomeringer*, 2015 WL 5158742 at *4 ("When the violation is negligent, the plaintiff must include facts from which the court can infer actual damages."). If a complaint lacks any allegation of "actual damages," a claim for negligent violation of the FCRA "should be dismissed." *Gomeringer*, 2015 WL 5158742 at *4.

Here, Plaintiff's Complaint lacks plausible factual allegations that Plaintiff suffered any injury-in-fact or any "actual damages" as a result of T-Mobile's purported violation of the FCRA.

6

(*See generally* Compl.). Instead, Plaintiff's Complaint contains only unsupported legal conclusions, which are insufficient to establish Article III standing or to state a claim under the FCRA. (*Id.* ¶¶ 35–36, 40–42). Nor can any allegation in Plaintiff's Complaint reasonably be construed to infer that Plaintiff has suffered an injury-in-fact or any actual damages. In fact, the sole allegation Plaintiff included in the Complaint to indicate that he *may* have incurred some harm— "Plaintiff believes his credit score was lowered"—is not only unsupported but it is affirmatively refuted by the credit report on which Plaintiff bases his entire Complaint.[1] (*See* Compl. Ex. A at 3 ("These inquiries are not seen by anyone but you *and will not be used in scoring your credit file*." (emphasis added))). Even accepting this allegation as true (which it is not), a purported decrease in Plaintiff's credit score is insufficient, on its own, to demonstrate an injury-in-fact or actual damages. *See Nowlin*, 2011 WL 7087108 at *2. Because Plaintiff's Complaint fails to allege that he suffered any injury-in-fact or any "actual damages," Plaintiff fails to state a claim for violation of the FCRA as a matter of law and the Complaint must be dismissed.

## CONCLUSION

For the foregoing reasons, T-Mobile respectfully requests that this Court grant Defendant's Motion for Judgment on the Pleadings and dismiss Plaintiff's Complaint with prejudice.

---

[1] In deciding a motion for judgment on the pleadings, a court can consider documents that the plaintiff attaches to the complaint. *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 182 (4th Cir. 2013). Plaintiff attached a copy of the credit report showing the credit check allegedly requested by T-Mobile as Exhibit A to his Complaint and, accordingly, the credit report can be considered in deciding T-Mobile's motion.

Respectfully submitted,

s/M. Claire Flowers
M. Claire Flowers (Fed. ID No. 13411)
claire.flowers@klgates.com
K&L GATES LLP
134 Meeting Street, Suite 500
Charleston, SC  29401
Phone:  843.579.5600/919.743.7303
Fax:  843.579.5601
ATTORNEYS FOR DEFENDANT T-MOBILE USA, INC.

October 5, 2021
Charleston, South Carolina

8

310948886.6

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Nelson L. Bruce, | ) Civil Action No. 2:21-CV-00895-BHH-MGB |
| Plaintiff, | ) |
| v. | ) |
| T-Mobile USA, Inc. et al., | ) **CERTIFICATE OF SERVICE** |
| Defendants. | ) |

I hereby certify that a copy of **DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS** has been served upon Plaintiff by mailing a copy of the same to him, postage prepaid, in the United States Mail, to the address as shown below on the 5th day of October 2021:

**Nelson L. Bruce
144 Pavilion Street
Summerville, SC 29483**

s/ M. Claire Flowers
M. Claire Flowers (Fed. ID No. 13411)
claire.flowers@klgates.com
K&L GATES LLP
134 Meeting Street, Suite 500
Charleston, SC  29401
Phone:  843.579.5600/919.743.7303
Fax:  843.579.5601

9

310948886.6