**Record/FILE ON DEMAND**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Nelson L. Bruce, ) | |
| ) | |
| Plaintiff ) | Case No.: 2:21-cv-00895-BHH-MGB |
| ) | |
| v. ) | **PLAINTIFFS' REPLY TO** |
| ) | **DEFENDANT'S RESPONSE TO** |
| T-Mobile USA, Inc., et al., ) | **PLAINTIFF'S MOTION TO JOIN** |
| ) | **TRANSUNION, LLC AS A NECESSARY** |
| Defendants. ) | **PARTY** |
| ) | |

COMES NOW Plaintiff Nelson L. Bruce, with his Reply/Objections to DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO JOIN TRANSUNION, LLC AS A NECESSARY PARTY which plaintiff received on 10-4-2021. Based on the current evidence, Transunion will be enjoined as an additional Plaintiff against the Defendant for miss using Transunion inquiry system without a permissible purpose and invading plaintiff's privacy by pulling plaintiffs consumer credit report on **May 18, 2020 (see…Exhibit A, ECF No. 1-2, pgs. 1-4)** without a permissible purpose, without any kind of consent from the plaintiff as they claim the inquiry was for a promotional pull (**see…Exhibit – C**) which is not a purpose permissible under the FCRA as codified under **15 U.S.C. § 1681b** to create an inquiry into consumers credit report and defendant requested that the May 18, 2020 Transunion inquiry be removed (**see…Exhibit – C**) alleging in error that plaintiff requested that the inquiry be removed which was false plaintiff only requested they provide proof of their permissible purpose, therefore plaintiff objects.

Defendant alleges that Plaintiff's motion should be denied because he has not identified the causes of action he seeks to assert against Transunion or otherwise demonstrated any interest

Transunion has in this litigation, on the contrary, plaintiff has clearly demonstrated the interest Transunion has in this litigation see…**ECF No. 35 at 1**, therefore plaintiff objects.

Defendant improperly uses the case of ***Jones v. Lexington Cty. Det. Ctr.*, 586 F. Supp. 2d 444, 446 (D.S.C. 2008)** (denying motion to amend filed by pro se litigant and recognizing that while a "federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, . . . the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court") as there are no clear failures in the pleading to allege facts set forth in a claim as there are enough facts to support that there was an inquiry into his Transunion consumer report by T-Mobile where there appears to be no proof of a permissible purpose therefore plaintiff objects. Plaintiff is required to amend his complaint once as a matter of law.

T-Mobile has not produced any evidence that supports facts backing their claims that "Transunion uses a search logic system the same as other credit reporting agencies nor have they produced any factual evidence supporting any function of the search logic system that would lead to a disconnect between the consumer's information submitted by T-Mobile to the credit bureaus and the consumer for whom the credit bureau runs a credit check due to no fault of T-Mobile (see…Doc. No. 26-2, pgs. 2 & 3) therefore have provided nothing but hearsay on the record in this case. Although defendant has not specifically stated that Transunion's system is faulty, the fact that T-Mobile is claiming that there is a disconnect between the consumers information submitted by T-Mobile to the credit bureaus and the consumer for whom the credit bureau runs a credit check is a clear indication that Transunion's system is not 100% therefore in some aspect is faulty because they alleged that the system is not matching the correct consumer with information submitted by

T-Mobile for a credit check. Defendant has not clearly explained its general understanding of the process by which credit checks are completed as they claim (see…Doc. No. 26-2, pg. 3), or fully explained the process because they have not specified what information they are required to submit to Transunion to complete their request for a credit check that would lead to their general understanding of the disconnect between the consumer's information submitted by T-Mobile therefore Plaintiff objects.

## CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that this court grant this motion to join Transunion, LLC as a necessary party to the case. Dated 5th day of **October, 2021**.

RESPECTFULLY PRESENTED,                                              "Without Prejudice"

*Nelson L. Bruce  10-5-21*

Nelson L. Bruce, Propria Persona, Sui Juris
"All Natural Rights Explicitly Reserved and Retained"
U.C.C.1-207/ 1-308, 1-103.6
c/o 144 Pavilion Street
Summerville, South Carolina 29483
Phone: 843-437-7901
Email: leonbruce81@yahoo.com