IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Nelson L. Bruce, | ) | Civil Action No. 2:21-cv-895-BHH-MGB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| T-Mobile USA, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Nelson L. Bruce, proceeding *pro se*, brought this civil action claiming that Defendant violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, when it inquired about his consumer report information and reviewed his Transunion credit report without consent or a permissible purpose. (Dkt. No. 1 at 5.) Now before the Court is Plaintiff's Motion to Amend, which he filed on September 15, 2021. (Dkt. No. 35.) Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B) and Local Rule 73.02(B)(2)(e), D.S.C., the undersigned is authorized to rule on this motion.

Plaintiff's Motion to Amend seeks to join Transunion as a defendant to this action, arguing that Transunion is a necessary party. (Dkt. No. 35 at 1.) Defendant filed its response in opposition to Plaintiff's motion on September 29, 2021, stating that "Plaintiff's motion should be denied because he has not identified the causes of action he seeks to assert against Transunion or otherwise demonstrated any interest Transunion has in this litigation." (Dkt. No. 36 at 2.) On October 6, 2021, Plaintiff filed a reply to Defendant's response reiterating his claims that Transunion is a necessary party. (Dkt. No. 38 at 1–4.)

1

## LEGAL STANDARD

Rule 15(a) of the Federal Rules of Civil Procedure allows a plaintiff, subject to certain time limitations, to amend a pleading once as a matter of course. *See* Fed. R. Civ. P. 15(a). Otherwise, a plaintiff may amend the complaint only with leave of the court or with the consent of the defendant. *See id.*; *see also Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006). Rule 15(a) provides, however, that leave to amend should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a). "This liberal rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber*, 438 F.3d at 426 (citing *Conley v. Gibson*, 355 U.S. 41, 48 (1957); *Ostrzenski v. Seigel*, 177 F.3d 245, 252–53 (4th Cir. 1999)). The Fourth Circuit has interpreted "Rule 15(a) to provide that 'leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.'" *Laber*, 438 F.3d at 426–27 (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)).

## DISCUSSION

Plaintiff's sole request in the motion before the Court is that Transunion be joined as a necessary party. (*See generally* Dkt. No. 35.) Federal Rule of Civil Procedure 19 governs joinder of necessary parties. *See* Fed. R. Civ. P. 19. Rule 19 reads, in pertinent part:

> A person who is subject to service of process and whose joinder will not deprive the court of subject matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a).

In arguing that Transunion is a necessary party under Rule 19, Plaintiff contends:

> Transunion has an interest in this case because [it] provide[s] access to agencies such as T-Mobile to create a credit inquiry into [a] consumer's credit report and could be liable as well for allowing access to an agency without a permissible purpose. [It is] also a necessary party because [it] would have information material to the merits of this case that would evidence the facts that would support the merits of the [parties'] claims and defenses including the systems they use such as a core logic system which defendant T-Mobile claims is faulty.

(Dkt. No. 35 at 1.) Plaintiff seems to assert that Transunion is a necessary defendant in light of Defendant's contentions that Transunion uses "proprietary search logic to link the data sent by a company, such as T-Mobile, to a specific customer in the credit bureau's files" and that it is therefore "possible for a disconnect to exist between the consumer's information submitted by T-Mobile to the credit bureau and the consumer for whom the credit bureau runs a credit check." (Dkt. No. 26-2 at 3; Dkt. No. 38 at 2–3.) Plaintiff argues that "[a]lthough [D]efendant has not specifically stated that Transunion's system is faulty, the fact that T-Mobile is claiming that there is a disconnect between the consumer['s] information submitted by T-Mobile . . . and the consumer for whom the credit bureau runs a credit check is a clear indication that Transunion's system is not 100%." (Dkt. No. 38 at 2.)

In response, Defendant argues that it "has not pleaded that Transunion's systems are faulty or that Transunion is otherwise liable to Plaintiff. Defendant simply explained its general understanding of the process by which credit checks are completed. As such, there is no basis to join Transunion based on any statements made by Defendant." (Dkt. No. 36 at 2.) Defendant further notes that "Plaintiff's motion should be denied because he has not identified the causes of action he seeks to assert against Transunion or otherwise demonstrated any interest Transunion has in this litigation." (*Id*.) The undersigned agrees.

Indeed, Plaintiff's assertions that Transunion has an interest in the case because it provides companies access to run credit inquiries and because it "would have information material to the

3

merits of this case" are simply insufficient to establish that Transunion must be joined as a defendant pursuant to Federal Rule of Civil Procedure 19. (Dkt. No. 35 at 1.) Further, it appears undisputed that the Court may accord complete relief among the existing parties in Transunion's absence. *See* Fed. R. Civ. P. 19(a)(1)(A). Similarly, nothing before the Court suggests that Transunion claims a sufficient interest in this action, or that its absence from this litigation will impair its ability to protect that interest. *See* Fed. R. Civ. P. 19(a)(1)(B)(1); *see also McKiver v. Murphy-Brown, LLC*, 980 F.3d 937, 952 (4th Cir. 2020) ("[E]ven if [an absent party] is alleged to have played a central role in the action at issue, and even if resolution of the action will require the court to evaluate the absent party's conduct, that party in many cases . . . will not have interests that warrant protection under Rule 19(a)(1)(B)(i)." (internal quotation marks and citation omitted)). Finally, no existing party faces a substantial risk of incurring inconsistent obligations because of Transunion's supposed interest in this litigation. *See* Fed. R. Civ. P. 19(a)(1)(B)(2).

Though Plaintiff mentions only Rule 19 in his motion, his attempt to join Transunion as a defendant could also implicate Federal Rule of Civil Procedure 20(a)(2). (*See generally* Dkt. No. 35; Dkt. No. 38.) The undersigned therefore considers Plaintiff's request to join Transunion as a defendant under this rule, in an abundance of caution.

Rule 20(a)(2) of the Federal Rules of Civil Procedure provides that:

> Persons . . . may be joined in one action as defendants if: any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). Pursuant to this rule, courts in this district have found that "a plaintiff may join multiple defendants in a single action only if the plaintiff asserts at least one claim for relief against each of them that arises out of the same transaction or occurrence and presents a

question of law or fact that is common to all of them." *McCoy v. Bazzle*, No. Case No. 4:07-cv-3562-PMD-TER, 2008 WL 4280386, at *5 (D.S.C. Sept. 15, 2008) (denying motion to amend complaint where the new claim was "completely unrelated" to the claims in the underlying action).

Here, Plaintiff brings no specific claims against Transunion and does not indicate an intention to do so. (*See generally* Dkt. No. 1; Dkt. No. 35; Dkt. No. 38.) Plaintiff states that Transunion "could be liable as well" on the first page of his motion. (Dkt. No. 35 at 1.) However, he does not articulate an actual cause of action against Transunion, nor does he cite to any portion of the FCRA that Transunion may have violated. (*See generally* Dkt. No. 35; Dkt. No. 38.) Without more, Plaintiff's attempt to join Transunion is not proper under Rule 20(a)(2). *See Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993) (noting that a court may not construct a *pro se* complainant's legal arguments for him).

Because joining Transunion as a party is not proper under Rule 19 or Rule 20(a)(2), the Court finds that Plaintiff's request to amend his complaint to add Transunion as a defendant is futile. The undersigned therefore denies Plaintiff's motion. *See Laber*, 438 F.3d at 426–27.

## CONCLUSION

For the foregoing reasons, the undersigned **orders** that Plaintiff's Motion to Amend (Dkt. No. 35) be denied.

**IT IS SO ORDERED**.

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

October 8, 2021
Charleston, South Carolina

5