IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Nelson L. Bruce, | ) | Case No.: 2:21-cv-00895-BHH-MGB |
| | ) | |
| Plaintiff, | ) | |
| | ) | **DEFENDANT'S MEMORANDUM IN** |
| v. | ) | **OPPOSITION TO** |
| | ) | **PLAINTIFFS' MOTION TO** |
| T-Mobile USA, Inc., et al., | ) | **VACATE/FOR RELIEF FROM AUGUST** |
| | ) | **6, 2021 ORDER (ECF No.: 26) UNDER** |
| Defendants. | ) | **FED. R. CIV. P. 60(b)(6) MOTION TO** |
| | ) | **STRIKE** |
| | ) | |

T-Mobile USA, Inc. ("Defendant" or "T-Mobile") respectfully submits this Memorandum in Opposition to Plaintiff's Motion to Vacate/For Relief From August 6, 2021 Order (ECF No. 26) Under Fed. R. Civ. P. 60(b)(6) Motion to Strike (the "Motion"). [Dkt. No. 55.] In his Motion, Plaintiff seeks to vacate an order entered by this Court on August 6, 2021 which granted T-Mobile's Motion to Vacate Entry of Default (the "Order"). [Dkt. No. 28.] Plaintiff argues that the Order granted T-Mobile's Motion to Vacate Entry of Default on the basis that T-Mobile was in the process of good faith negotiations with Plaintiff and sought to provide Plaintiff with additional information when the default was entered and that T-Mobile has not provided additional information since the Order was entered. To the contrary, T-Mobile has provided Plaintiff with additional information and has responded to Plaintiff's written discovery requests in this matter. Furthermore, Plaintiff has failed to demonstrate extraordinary circumstances which warrant vacating the Order under Rule 60(b)(6). For these reasons, and as detailed further below, Plaintiff's Motion should be denied.

## RELEVANT PROCEDURAL BACKGROUND

Plaintiff filed the Complaint in this matter on March 29, 2021. [Dkt. No. 1.] Defendant was served through its agent on June 16, 2021. [Dkt. No. 14.] Shortly thereafter, T-Mobile reached out to Plaintiff to discuss his claim and to see if the parties could reach an early resolution. [Dkt. 14, #3 Decl. of Shelley Green.] During these discussions, Plaintiff represented to T-Mobile that he was willing to dismiss his lawsuit if T-Mobile provided additional information as to why Transunion, a non-party, pulled Plaintiff's credit, if not at the request of T-Mobile. [Dkt. 14, #3 Decl. of Shelley Green.] While T-Mobile was in the process of obtaining this additional information, T-Mobile learned that Plaintiff had requested an Entry of Default. [Dkt. 14, #3 Decl. of Shelley Green.] The Default was entered by this Court on August 2, 2021. [Dkt. 21.] Pursuant to Fed. R. Civ. P. 55(c), T-Mobile moved to vacate the Entry of Default for good cause on August 5, 2021. [Dkt. 26.] T-Mobile's Motion to Vacate Entry of Default was granted on August 6, 2021. [Dkt. 28.]

T-Mobile has since answered Plaintiff's Complaint and proceeded in good faith with written discovery in this case. [*See* Dkt. 30.] Plaintiff filed a Motion to Amend his Complaint to join Transunion as a party in this case (the "Motion to Amend"). [Dkt. 35.] Such Motion to Amend was denied by this Court on October 8, 2021. [Dkt. 41.] Plaintiff filed a Notice of Interlocutory Appeal appealing this Court's Order denying his Motion to Amend on November 16, 2021. [Dkt. 49.] This case was stayed pending resolution of the Interlocutory Appeal from November 17, 2021, until March 17, 2022, after the Fourth Circuit Court of Appeals dismissed Plaintiff's appeal for lack of jurisdiction. [Dkt. 60.]

**ARGUMENT**

Plaintiff provides no legal basis for vacating the Court's Order. Fed. R. Civ. P. 60 provides relief, when appropriate, from final judgments and orders. *Potter v. Mosteller*, 199 F.R.D. 181, 184 (D.S.C. 2000). Four elements are necessary for Rule 60(b)(6) relief: (i) the motion must be timely; (ii) the motion must be premised on a meritorious defense; (iii) there must be an absence of prejudice to the opposing party; and (iv) the motion must be accompanied by exceptional circumstances. *Id.* at 185. Relief under the catchall provision of Rule 60(b)(6), on which Plaintiff relies, is only appropriate when "the movant demonstrates extraordinary circumstances." *Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC*, 859 F.3d 295, 299 (4th Cir. 2017).

Here, Plaintiff has failed to satisfy any of the elements that would warrant relief under Rule 60(b)(6) and has failed to demonstrate the existence of extraordinary circumstances. In his support of his Motion, Plaintiff appears to be challenging the basis on which T-Mobile moved to vacate the entry of default, i.e., that it was negotiating with Plaintiff in good faith to reach a potential resolution of Plaintiff's claims. [Dkt. 55 at 2–5.] The Court, however, considered T-Mobile's motion and found that good cause existed to set aside the entry of default. [Dkt. 28 at 3.] The Court found that T-Mobile was "in the process of good faith negotiation with Plaintiff when the entry of default occurred." [*Id.*]. Further, the Court determined that vacating the entry of default was not prejudicial to Plaintiff. [*Id.*] Plaintiff now disputes these findings based on his dissatisfaction with the information provided by T-Mobile in discovery regarding Plaintiff's substantive claims. [Dkt. 55 at 2-3.] Plaintiff's disagreement with the Court's findings, with nothing more, does not constitute a valid basis to vacate the order, let alone exceptional or extraordinary circumstances as required by Rule 60(b)(b). Plaintiff's Motion essentially argues

3

that the Court should reconsider its legal analysis in the Order. However, "[w]here the motion is nothing more than a request that the district court change its mind . . . it is not authorized by Rule 60(b)." *Union Ins. Co. v. Soleil Group, Inc.*, 585 F. Supp. 783, 789 (D.S.C. 2008) (citing *U.S. v. Williams*, 674 F.2d 310, 312–13 (4th Cir. 1982)). As such, Plaintiff's Motion is not authorized by Rule 60(b) and should be denied.

Moreover, even if the Court were to treat Plaintiff's motion as one for reconsideration from an interlocutory order pursuant to Rule 54(b), rather than a motion to vacate a final judgment pursuant to Rule 60(b), Plaintiff's motion similarly fails. A court may reconsider and revise an interlocutory order "under the same circumstances in which it may depart from the law of the case: (1) 'a subsequent trial produc[ing] substantially different evidence'; (2) a change in applicable law; or (3) clear error causing 'manifest injustice.'" *Carlson v. Bos. Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017).

Plaintiff has not presented "substantially different evidence" warranting reconsideration of the Court's decision that good cause existed to vacate default. Plaintiff also has not presented a change in the law or a clear error by the Court causing manifest injustice. As set forth in T-Mobile's motion to vacate the entry of default, a motion to set aside an entry of default "is a matter which lies largely within the discretion of the trial judge," *Payne ex rel. Est. of Calzada v. Brake*, 439 F.3d 198, 204 (4th Cir. 2006), and the courts "should always keep an eye toward the preference for meritorious resolutions of disputes." *Massachusetts Bay Ins. Co. v. Drucker & Falk, LLC*, No. CV 2:20-CV-2513, 2021 WL 2949804, at *1 (D.S.C. July 14, 2015). The Fourth Circuit has explained that Fed. R. Civ. P. 55(c) must be "liberally construed in order to provide relief from the onerous consequences of defaults and default judgments," and any doubts should be resolved in favor of "should be resolved in favor of setting aside the default so that the case

may be heard on the merits." *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir.1969). The Court applied these standards properly in vacating the entry of default, and Plaintiff has presented no reason to reconsider the Court's decision. As such, Plaintiff's motion should be denied.

## CONCLUSION

For these reasons, T-Mobile respectfully requests that this Court deny Plaintiff's Motion to Vacate.

**K&L GATES LLP**

By:  */s/ M. Claire Flowers*
M. Claire Flowers
Federal Bar No. 13411
E-Mail Address: claire.flowers@klgates.com
134 Meeting Street, Suite 500
Charleston, SC 29401
(843) 579-5600

Attorneys for Defendant T-Mobile USA, Inc.

Charleston, South Carolina

March 30, 2022

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Nelson L. Bruce, | ) Civil Action No. 2:21-CV-00895-BHH-MGB |
| Plaintiff, | ) |
| v. | ) |
| | ) **CERTIFICATE OF SERVICE** |
| T-Mobile USA, Inc. et al., | ) |
| Defendants. | ) |

I hereby certify that a copy of **DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO VACATE/FOR RELIEF FROM AUGUST 6, 2021 ORDER (ECF No.: 26) UNDER FED. R. CIV. P. 60(b)(6) MOTION TO STRIKE** has been served upon Plaintiff by mailing a copy of the same to him, postage prepaid, in the United States Mail, to the address as shown below, on the 30th day of March 2022:

**Nelson L. Bruce**
**144 Pavilion Street**
**Summerville, SC 29483**

s/ M. Claire Flowers
M. Claire Flowers (Fed. ID No. 13411)
claire.flowers@klgates.com
K&L GATES LLP
134 Meeting Street, Suite 500
Charleston, SC  29401
Phone:  843.579.5600
Fax:  843.579.5601

6