# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Nelson L. Bruce, ) | Civil Action No. 2:21-CV-00895-BHH-MGB |
| ) | |
| Plaintiff, ) | |
| ) | **DEFENDANT'S REPLY TO PLAINTIFF'S** |
| v. ) | **REPLY/OBJECTIONS TO MAGISTRATE** |
| ) | **JUDGE REPORT AND** |
| T-Mobile USA, Inc., et al., ) | **RECOMMENDATION (ECF NO. 85)** |
| ) | |
| Defendants. ) | |
| ) | |

Defendant, T-Mobile USA, Inc. ("T-Mobile"), by and through its undersigned counsel, pursuant to Federal Rule of Civil Procedure 72, hereby replies to Nelson L. Bruce's ("Plaintiff") Reply/Objections to Magistrate Judge Report and Recommendation (ECF No. 85) (the "Objections"). (ECF No. 93.)

T-Mobile filed a Motion for Judgment on the Pleadings on April 22, 2022 (the "Motion"). (ECF No. 71.) Plaintiff filed a response in opposition to the Motion for Judgment on Pleadings, which he amended and re-filed on June 6, 2022 (the "Response") (ECF Nos. 74, 75.) T-Mobile replied to Plaintiff's Response on June 13, 2022 (the "Reply") (ECF No. 76) and Plaintiff filed a surreply on June 23, 2022. (ECF No. 79.) On August 1, 2022, United States Magistrate Judge, the Honorable Judge Mary Gordon Baker signed a Report and Recommendation recommending that T-Mobile's Motion be granted and Plaintiff's case be dismissed in full (the "Report and Recommendation"). (ECF No. 85.) Plaintiff filed the Objections to the Report and Recommendation on August 30, 2022.

Plaintiff's Objections assert that the Magistrate Judge failed to consider Plaintiff's allegation in the Complaint (ECF No. 1) that he has suffered an invasion of privacy, and that by virtue of this allegation, he has satisfied the injury-in-fact element to satisfy Article III standing.

Despite his argument to the contrary, Plaintiff's Complaint is devoid of any allegation that T-Mobile invaded his privacy or caused an invasion of privacy. In fact, the only reference to privacy in the Complaint occurs in the "Introduction" and "Statutory Background" sections of the Complaint, where Plaintiff generally describes the Fair Credit Reporting Act. (ECF No. 1 at ¶¶ 1, 16, 18.) Even construing the Complaint most favorably to Plaintiff, there is no basis to conclude that Plaintiff alleged an invasion of privacy in the Complaint. The Magistrate Judge accurately concluded in the Report and Recommendation that Plaintiff failed to demonstrate Article III standing in his Complaint, noting that Plaintiff only argued that T-Mobile violated his right to privacy in his Response to the Motion for Judgment on the Pleadings.

Moreover, even if Plaintiff had pleaded that T-Mobile violated his right to privacy in his Complaint, which he did not, an alleged invasion of privacy does not satisfy the injury-in-fact element required for Article III standing. *See Hutton v. Nat'l Board of Examiners in Optometry, Inc.*, 892 F.3d 613, 621 (4th Cir. 2018) ("We emphasized that a mere compromise of personal information, without more, fails to satisfy the injury-in-fact element in the absence of an identity theft."). Here, there is a complete absence of any allegations of identity theft in Plaintiff's Complaint. As such, Plaintiff would have failed to demonstrate Article III standing even if he had referenced generally an "invasion of privacy" in his Complaint.

Furthermore, Plaintiff admitted in his Response to the Motion for Judgment on the Pleadings that he has not suffered actual damages or any recognized harm. (ECF No. 74, at 7.) Plaintiff's Response states:

> Plaintiff is also not devoid of allegations of suffering actual monetary damages as a result of the purported unauthorized credit check because plaintiff is requesting ***statutory*** and ***punitive*** damages and ***that actual monetary damages is not required***.

*Id.* (emphasis added). As found by other courts in this Circuit, the failure to sufficiently allege concrete harm constitutes a failure to establish the injury-in-fact element of Article III standing. *See, e.g.*, *Minix v. Cent. Source, LLC*, No. 1:19-CV-108, 2019 WL 6121413, at *8 (N.D.W. Va. Sept. 25, 2019). Seeking statutory damages for a procedural violation only, as Plaintiff admits he is doing here, does not satisfy Article III standing. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 341–42, 136 S. Ct. 1540, 1549–50 (2016). Thus, the Magistrate Judge's Report and Recommendation and its finding that Plaintiff cannot satisfy Article III standing is correct and appropriate and should be adopted by this Court.

For the reasons set forth in T-Mobile's Motion, T-Mobile's Reply, and herein, T-Mobile respectfully requests that this Court adopt the Magistrate Judge's Report and Recommendation.

Respectfully submitted,

s/ *M. Claire Flowers*
M. Claire Flowers (Fed. ID No. 13411)
claire.flowers@klgates.com
K&L GATES LLP
134 Meeting Street, Suite 500
Charleston, SC  29401
Phone:  843.579.5600
Fax:  843.579.5601

ATTORNEYS FOR DEFENDANT T-MOBILE USA, INC.

September 12, 2022

Charleston, South Carolina

3

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Nelson L. Bruce, ) | Civil Action No. 2:21-CV-00895-BHH-MGB |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **CERTIFICATE OF SERVICE** |
| T-Mobile USA, Inc. et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

I hereby certify that a copy of **REPLY TO PLAINTIFF'S REPLY/OBJECTIONS TO MAGISTRATE JUDGE REPORT AND RECOMMENDATION (ECF NO. 85)** has been served upon Plaintiff by mailing a copy of the same to him, postage prepaid, in the United States Mail, to the address as shown below, on the 12th day of September 2022:

**Nelson L. Bruce**
**144 Pavilion Street**
**Summerville, SC 29483**


s/ *M. Claire Flowers*
M. Claire Flowers (Fed. ID No. 13411)
claire.flowers@klgates.com
K&L GATES LLP
134 Meeting Street, Suite 500
Charleston, SC  29401
Phone:  843.579.5600
Fax:  843.579.5601