IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Nelson L. Bruce, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 2:21-cv-895-BHH |
| v. ) | |
| ) | **ORDER** |
| T-Mobile USA, Inc., d/b/a T-Mobile, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Plaintiff Nelson L. Bruce ("Plaintiff" or "Bruce"), proceeding *pro se* and *in forma pauperis*, filed this action in March of 2021, alleging that Defendant T-Mobile USA, Inc. ("Defendant" or "T-Mobile") violated the Fair Credit Reporting Act ("FCRA") by making an unauthorized and unlawful inquiry into his credit on May 18, 2020. On April 22, 2022, Defendant filed a motion for judgment on the pleadings, which was referred to a United States Magistrate Judge for preliminary review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d), D.S.C.

On August 1, 2022 Magistrate Judge Mary Gordon Baker issued a report and recommendation ("Report") outlining the issues and recommending that the Court grant Defendant's motion for judgment on the pleadings. Plaintiff filed written objections to the Magistrate Judge's Report on August 30, 2022, to which Defendant filed a reply. Plaintiff filed a motion to file a sur-reply, which the Court granted, and Plaintiff filed his sur-reply on September 20, 2022.

For the reasons set forth herein, the Court overrules Plaintiff's objections, adopts the Magistrate Judge's Report, and grants Defendant's motion for judgment on the pleadings.

**STANDARDS OF REVIEW**

**I.     Magistrate Judge's Report**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

**II.    Judgment on the Pleadings**

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Ultimately, "a defendant may not prevail on a motion for judgment on the pleadings if there are pleadings that, if proved, would permit recovery for the plaintiff." *BET Plant Servs., Inc. v. W.D. Robinson Elec. Co.*, 941 F. Supp. 54, 55 (D.S.C. 1996).

"[A] Rule 12(c) motion for judgment on the pleadings is decided under the same standard as a motion to dismiss under Rule 12(b)(6)." *Deutsche Bank Nat'l Trust Co. v. IRS*, 361 F. App'x 527, 529 (4th Cir. 2010); *see Burbach Broad. Co. v. Elkins Radio*, 278 F.3d 401, 405 (4th Cir. 2002). Thus, to survive a motion for judgment on the pleadings, the complaint must contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 555 (2007). In reviewing the complaint, the court accepts all well-pleaded allegations as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005). However, the Court "need not accept allegations that 'contradict matters properly subject to judicial notice or [by] exhibit.' " *Blankenship v. Manchin*, 471 F.3d 523, 529 (4th Cir. 2006).

## **DISCUSSION**

In her Report, the Magistrate Judge outlined the relevant facts and applicable law and first determined that, when considering the allegations of Plaintiff's complaint in the light most favorable to Plaintiff, it appears that he has adequately alleged that Defendant violated FCRA by obtaining Plaintiff's credit report without a permissible purpose. However, the Magistrate Judge next agreed with Defendant that Plaintiff failed to adequately allege that he suffered actual damages as a result of Defendant's actions. In other words, the Magistrate Judge found that Plaintiff failed to allege a concrete injury to satisfy the injury-in-fact requirement for Article III standing. Specifically, the Magistrate Judge found Plaintiff's assertion that he believed his credit score was affected contrary to the explanation provided on his credit report. Second, as to his assertions that Defendant violated his privacy; that his personal information was disseminated by Defendant to third parties, putting him at risk of identity theft; and that he learned of a data breach exposing consumer records, thereby providing another factor for him to "worry about," the Magistrate Judge noted that none of these assertions appeared in Plaintiff's complaint. Additionally, the Magistrate Judge noted that Plaintiff still failed to allege that his credit score was actually lowered, that he actually experienced identity theft, or that a third party actually

3

used his personal information against him, and she explained that a mere compromise of personal information, without more, fails to satisfy the injury-in-fact element of standing.

In his objections, Plaintiff first asserts that the Magistrate Judge failed to consider the paragraph of his complaint where he asserts a right-to-privacy claim, and he contends that he has stated a claim for invasion of his right to privacy because Defendant did not have a permissible purpose to seek Plaintiff's credit report. Additionally, Plaintiff asserts that because his complaint is verified, it is sufficient to defeat Defendant's motion.

Next, Plaintiff objects to the Magistrate Judge's finding that Plaintiff's complaint fails to allege that he suffered actual damages. Plaintiff asserts that the Magistrate Judge failed to take into account Defendant's alleged violation of his right to privacy, and Plaintiff contends that he has Article III standing because Defendant violated his right to privacy. Lastly, Plaintiff asserts that the Court should grant him leave to supplement or amend his complaint to add any new information gathered in discovery. (ECF No. 93 at 5.)

After review, the Court finds Plaintiff's objections wholly unavailing. First, even construing Plaintiff's complaint as liberally as possible and finding that he adequately alleged that Defendant violated his right to privacy (as opposed to merely referencing the general right to privacy protected by FCRA), the Court agrees with Defendant that an alleged invasion of privacy does not automatically satisfy the injury-in-fact element of Article III standing. That is because Plaintiff still fails to allege any factual matter to plausibly allege a concrete harm as a result of Defendant's invasion of his privacy. In other words, he still does not allege, for example, that his credit score was lowered; that he has actually experienced identity theft; or that his personal information was used against him by a third party. Rather, he attempts to avoid the issue by requesting permission to amend his

complaint, but nowhere does he offer any additional facts that have come to light during the pendency of this litigation, and nowhere does he allege facts that plausibly show he has suffered particularized harm (as a result of Defendant's actions) sufficient to satisfy Article III standing.

In all, therefore, the Court finds that, even liberally construing Plaintiff's allegations and finding that he has alleged that Defendant invaded his right to privacy in addition to violating FCRA, he still fails to allege that he suffered concrete harm as a result. As the Supreme Court explained in *Spokeo*, a plaintiff does not automatically satisfy the injury-in-fact requirement whenever a statute grants a person a statutory right: "[f]or that reason, [a plaintiff cannot] for example, allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." 578 U.S. 330, 341 (2016). Here, because Plaintiff has alleged nothing more than a mere compromise of personal information, without more, the Court agrees with the Magistrate Judge that he lacks Article III standing at this time.

## CONCLUSION

Based on the foregoing, it is hereby **ORDERED** that the Magistrate Judge's Report (ECF No. 85) is **adopted** and **incorporated** herein; Plaintiff's objections (ECF No. 93) are **overruled**; and Defendant's motion for judgment on the pleadings (ECF No. 71) is **granted.**

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

February 14, 2023
Charleston, South Carolina

5