IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Nelson L. Bruce, | Case No.: 2:21-cv-00895-BHH-MGB |
| Plaintiff, | |
| v. | **DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S RULE 59 MOTION FOR NEW TRIAL OR IN THE ALTERNATIVE MOTION FOR RELIEF FROM JUDGMENT AND ORDER UNDER FED. RULE 60(b) REGARDING BOTH FEB. 14th & 15th, 2023 JUDGMENT AND ORDER (ECF NO.'s 109 & 110) AND PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT** |
| T-Mobile USA, Inc., et al., | |
| Defendants. | |

Defendant, T-Mobile USA, Inc. ("Defendant" or "T-Mobile"), by and through its undersigned counsel, hereby responds to Nelson L. Bruce's ("Plaintiff") "Rule 59 Motion For New Trial Or In The Alternative Motion For Relief From Judgment And Order Under Fed. Rule 60(b) Regarding Both Feb. 14th & 15th, 2023 Judgment And Order (ECF No.'s 109 & 110)" (the "Motion") (ECF No. 112) and Plaintiff's Motion for Leave to File a Third Amended Complaint. (ECF No. 113.) [1]

In his Motion, Plaintiff seeks a new trial or, in the alternative, to vacate the order entered by this Court on February 14, 2023, which granted Defendant's Motion for Judgment on the Pleadings (the "Order") (ECF No. 109) and the subsequent entry of summary judgment (the "Judgment"). (ECF No. 110.) In his Motion, Plaintiff argues that the Court made "incorrect finding of facts" when it held that Plaintiff lacked standing because he had not sufficiently alleged

---

[1] Plaintiff states that the basis for his Motion for Leave to File a Third Amended Complaint is set forth in his "Rule 59/60 motions." Thus, Defendant responds to both of Plaintiff's Motions in this one Response.

a concrete harm. (ECF No. 112.) However, Plaintiff has failed to demonstrate any grounds for relief from the Order or Judgment and cannot show extraordinary circumstances which warrant vacating the Order and Judgment under Fed. R. Civ. P. Rule 60(b). Further, Fed. R. Civ. P. Rule 59 is simply inapplicable to this matter because there has been no trial. In addition, Plaintiff's Motion for Leave to File a Third Amended Complaint is improper, given that the Court has not set aside the Judgment under Rules 59 and 60. For these reasons, and as detailed further below, Plaintiff's Motions should be denied.

## BACKGROUND

Defendant filed a Motion for Judgment on the Pleadings on April 22, 2022 (the "Motion for Judgment on the Pleadings"). (ECF Nos. 71, 71-1.) Plaintiff filed a response in opposition to the Motion for Judgment on the Pleadings, which he amended and re-filed on June 6, 2022 (the "Response"). (ECF Nos. 74, 75.) Defendant replied to Plaintiff's Response (the "Reply") (ECF No. 76), and Plaintiff filed a surreply. (ECF No. 79.) On August 1, 2022, United States Magistrate Judge Mary Gordon Baker signed a Report and Recommendation (the "Report and Recommendation), finding that Plaintiff lacked Article III standing, and recommending that Defendant's Motion for Judgment on the Pleadings be granted. (ECF No. 85.) Plaintiff filed his Reply/Objections to the Report and Recommendation on August 30, 2022 (ECF No. 93), Defendant filed its Response to Plaintiff's Reply to the Objections on September 12, 2022 (ECF No. 95), and Plaintiff filed a surreply on September 20, 2022. (ECF No. 103.)

On February 14, 2023, United States District Judge Bruce H. Hendricks signed the Order, which adopted and incorporated the Report and Recommendation and granted Defendant's Motion for Judgment on the Pleadings. (ECF No. 109.) The Judgment was entered in Defendant's favor the next day, dismissing Plaintiff's case in its entirety. (ECF No. 110.) Plaintiff filed the instant

Motion on March 16, 2023, seeking a new trial pursuant to Rule 59 of the Federal Rules of Civil Procedure, or, in the alternative, relief from the Order and Judgment pursuant to Rule 60(b), as well as leave from the Court to amend his Complaint for a third time.

## ARGUMENT

**I.    Plaintiff's Motion For A New Trial Should Be Denied Because There Was No Trial In This Matter.**

As an initial matter, this Court should deny Plaintiff's Rule 59 motion for a new trial because there has been no trial in this matter, a clear prerequisite for such motion. *See* Fed. R. Civ. P. 59(a)(1). Rule 59(a)(1) allows district courts to grant a new trial in only two circumstances: "(A) *after a jury trial*, for any reason for which a new trial has heretofore been granted in an action at law in federal court; or (B) *after a nonjury trial*, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." Fed. R. Civ. P. 59(a)(1) (emphasis added). Accordingly, before a new trial can be sought, there must have been an initial "jury trial" or "nonjury trial." *See id.* Courts in this District routinely deny Rule 59(a)(1) motions in actions like this one, where there was no trial. *See, e.g.*, *Winfrey v. Am. Fire & Cas. Ins. Co.*, No. CV 3:16-3275-MBS, 2018 WL 3688483, at *1 n.1 (D.S.C. Aug. 3, 2018) (denying plaintiff's Rule 59(a)(1) motion for a new trial because "there has been no trial in this matter"); *Fields v. Astrue*, No. CIV.A. 9:09-1763-BM, 2010 WL 9073555, at *1 n.1 (D.S.C. Oct. 5, 2010) ("[T]here was no trial in this matter. Therefore, to the extent that the Plaintiff is arguing that he should be granted a new trial, his argument is without merit."), *aff'd sub nom. Fields v. Comm'r of Soc. Sec.*, 445 F. App'x 627 (4th Cir. 2011). No trial has been held in this case; therefore, Rule 59 is inapplicable and Plaintiff's Rule 59 motion must be denied.

**II.    Plaintiff's Motion For Relief From The Order and Judgment Should be Denied Because Plaintiff Cannot Establish Any Grounds For Relief.**

Not only does Plaintiff's motion under Rule 59(a)(1) fail, but Plaintiff also provides no legal basis for vacating the Court's Order or Judgment pursuant to Fed. R. Civ. P. 60(b). Plaintiffs seeking Rule 60(b) relief must demonstrate that: (i) the motion is timely; (ii) the motion is premised on a meritorious defense; (iii) there is an absence of prejudice to the opposing party; and (iv) the motion is accompanied by exceptional circumstances. *Potter v. Mosteller*, 199 F.R.D. 181, 185 (D.S.C. 2000); *see Compton v. Alton S.S. Co., Inc.*, 608 F.2d 96, 102 (4th Cir. 1979) (holding that the remedy provided by Rule 60(b) is "extraordinary and is only to be invoked upon a showing of exceptional circumstances"). Rule 60(b) allows a district court to relieve a party from a final judgment or order for a limited number of reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. *See* Fed. R. Civ. P. 60(b)(1)–(6). Here, Plaintiff does not specifically state upon which of Rule 60(b)'s six substantive grounds he relies.[2] Rather, the Motion argues that this Court made "an incorrect finding of facts" when it held that Plaintiff lacked standing. (ECF No. 112.) As such, Defendant interprets Plaintiff's Motion to be premised on one of two potentially applicable grounds under

---

[2] The Motion does not specifically allege any of the following: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by Defendant; (4) that the Judgment is void; or (5) that the Judgment has been satisfied, released, or discharged, is based on an earlier reversed or vacated judgment, or that applying the Judgment is not equitable. (ECF No. 112.)

4

Rule 60(b)—mistake, *see* Fed. R. Civ. P. 60(b)(1), or "any other reason that justifies relief." *See* Fed. R. Civ. P. 60(b)(6).

Plaintiff cannot satisfy his burden or establish any of Rule 60(b)'s grounds for relief. Plaintiff has failed to demonstrate that the motion is premised on a meritorious defense and has failed to plead any exceptional circumstances that accompany his Motion. *See Potter v. Mosteller*, 199 F.R.D. at 185. Rather, Plaintiff's Motion baldly restates the defunct arguments already raised in his Complaint and prior motions—namely, that: (a) he has suffered an injury in fact (ECF No. 112 ¶¶ 1-2); (b) he sufficiently pled that Defendant willfully obtained his consumer report without a permissible purpose, in violation of the Fair Credit Reporting Act (the "FCRA") (*Id.* ¶¶ 4, 7); and (c) invasion of his right to privacy is a concrete harm. (*Id.* ¶ 6.). All such issues have already been raised by Plaintiff and ruled on by this Court and "Rule 60(b) does not authorize a motion merely for reconsideration of a legal issue." *U.S. v. Williams*, 674 F.2d 310, 312 (4th Cir. 1982).

Plaintiff has provided no additional evidence, new arguments, or changed circumstance which would permit this Court to depart from its Judgment and Order dismissing Plaintiff's claims. *See Reed-Smith v. Spartanburg Cnty. Sch. Dist. Seven*, No. 7:11-CV-00970-JMC, 2015 WL 892960, at *3 (D.S.C. Mar. 3, 2015), *aff'd*, 603 F. App'x 227 (4th Cir. 2015) ("[Rule 60(b)] does not permit a court to revisit judgments which the moving party merely believes were erroneous."). Rather, Plaintiff's Motion essentially requests that the Court change its mind with regard to issues on which it has already ruled in T-Mobile's favor, which is not authorized by Rule 60(b). *Id.* at 313. This Court has already addressed and disposed of all of the arguments presented in Plaintiff's Motion,[3] and for this reason alone, the Motion should be denied. *See CNF Constructors, Inc. v.*

---

[3] Specifically, the Report and Recommendation recommended that: (a) Plaintiff adequately alleged a claim under § 1681b(f) of the FCRA; (b) Plaintiff failed to adequately allege he suffered actual damages because he failed to allege a concrete injury to satisfy the injury-in-fact requirement of

5

*Donohoe Const. Co.*, 57 F.3d 395, 400 (4th Cir. 1995) (denial of Rule 60(b) relief is proper where "a substantial portion of motion simply reiterates legal arguments already addressed in the district court's first order").

Even if a Rule 60(b) motion was the proper vehicle for rearguing the merits of these issues (which it is not), this Court did not make any mistake of law in its Report and Recommendation, Order, or Judgment. The Court correctly held in its Report and Recommendation and Order that Plaintiff's alleged *belief* that his credit score was affected by Defendant's alleged credit inquiry is inconsistent with the TransUnion credit report and cannot establish an injury-in-fact. (ECF No. 85.) As found by other courts in this Circuit, the failure to sufficiently allege concrete harm stemming from a bare FCRA statutory violation constitutes a failure to establish the injury-in-fact element of Article III standing. *See, e.g*, *Minix v. Cent. Source, LLC*, No. 1:19-CV-108, 2019 WL 6121413, at *8 (N.D. W.Va. Sept. 25, 2019); *Nowlin v. Avis Budget Grp.*, No. 1:11CV511, 2011 WL 7087108, at *2 (M.D.N.C. Dec. 22, 2011). As Plaintiff admits he is only seeking statutory damages for a procedural violation only,[4] it is clear that he does not have Article III standing. *See*

---

Article III standing; (c) Plaintiff's allegations that Defendant violated his privacy, that his personal information was disseminated by Defendant, and that Plaintiff learned of a data breach exposing consumer records did not appear in Plaintiff's complaint; (d) Plaintiff still failed to allege that his credit score was actually lowered, that he actually experienced identify theft, or that a third party actually used his personal information against him; and (e) a mere compromise of personal information, without more, fails to satisfy the injury-in-fact element of standing. (ECF No. 85.) The Order adopted and incorporated the Report and Recommendation and held that: (a) even assuming Plaintiff adequately alleged in his complaint that Defendant violated his right to privacy, this allegation is insufficient to satisfy the injury-in-fact element of Article III standing because Plaintiff did not allege any plausible concrete harm as a result of Defendant's actions—*i.e.*, that his credit score was lowered, that he has actually experienced identify theft, or that his personal information was used against him by a third party. (ECF No. 109.)

[4] Plaintiff admitted in his Response to the Motion for Judgment on the Pleadings that he has not suffered actual damages or any recognized harm, stating:

6

*Spokeo, Inc. v. Robins*, 578 U.S. 330, 341–42 (2016) (holding that a procedural violation "divorced from any concrete harm" cannot satisfy the injury-in-fact requirement of Article III).

In his Motion, Plaintiff relies heavily on a Seventh Circuit case, *Persinger v. Southwest Credit Sys., L.P.*, 20 F.4th 1184 (7th Cir. 2021), to support his contention that bare statutory violations of the FCRA can constitute concrete harm for standing purposes. (ECF No. 112.) *Persinger*, however, is not binding on this court and is easily distinguishable from the instant case because the plaintiff in Persinger *actually alleged in her complaint* "financial and dignitary harm . . . and an injury to her credit rating and reputation." *Persinger*, 20 F.4th at 1190.  However, here, Plaintiff has not alleged any actual damages but, rather, a mere *belief* that his credit score was lowered.  As evidenced by the TransUnion credit report relied upon in the Court's Report and Recommendation, Plaintiff's credit information was not revealed to any third parties, and his credit score did not suffer.  (ECF No. 1-2.).  The remaining cases Plaintiff cites to on this issue are similarly distinguishable, inapplicable, or not binding on this Court.[5]  Plaintiff has presented no new arguments or evidence which demonstrate that the Court's Order was erroneous.  Because he has failed to demonstrate that this Court made any mistake, Plaintiff cannot establish the substantive requirements of Rule 60(b)(1). *See Lyles v. Reynolds*, No. CV 4:14-1063-TMC, 2016

---

Plaintiff is also not devoid of allegations of suffering actual monetary damages as a result of the purported unauthorized credit check because plaintiff is requesting **statutory** and **punitive** damages and ***that actual monetary damages is not required***.

(ECF No. 74, at 7.).

[5] For example, Plaintiff also cites to *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021). There, the Supreme Court held that the 1,853 class members whose misleading credit reports TransUnion provided to third-party businesses did demonstrate concrete reputational harm. *Id.* at 2200. However, the Court held that the remaining 6,332 class members whose internal TransUnion credit files were not disseminated to third-party businesses did not suffer a concrete harm and, thus, did not have standing. *Id.*

WL 1427324, at *1 (D.S.C. Apr. 12, 2016) (denying petitioner's Rule 59(e) and Rule 60(b) motion because the court did not misapprehend petitioner's position, misinterpret applicable law, and petitioner did not present any new evidence to persuade the court to alter its decision).

Lastly, it is clear that Plaintiff has failed to establish the grounds available under Rule 60(b)(6), which allows courts to vacate a judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). This "catchall" provision has "few textual limitations, [but] its context requires that it may be invoked in only 'extraordinary circumstances' when the reason for relief from judgment does not fall within the list of enumerated reasons given in Rule 60(b)(1)-(5)." *Aikens v. Ingram*, 652 F.3d 496, 500 (4th Cir. 2011). "[E]xtraordinary circumstances [are those] that create a substantial danger that the underlying judgment was unjust." *Murchison v. Astrue*, 446 F. App'x 225, 229 (4th Cir. 2012); *Evans v. Legislative Affs. Div., ATF*, No. 6:12-CV-00641-JMC, 2013 WL 2635933, at *2 (D.S.C. June 11, 2013), *aff'd*, 548 F. App'x 72 (4th Cir. 2013). Having failed to show any evidence or compelling legal support demonstrating a substantial danger that the Order or Judgment were unjust, Plaintiff has not established the extraordinary circumstances required by Rule 60(b)(6). Therefore, Plaintiff's motion for relief from judgment should be denied.

### III.    Plaintiff's Motion For Leave to Amend His Complaint Should Also Be Denied

Given that Plaintiff's Motion under Rules 59 and 60 has not yet been ruled upon and should be denied, his Motion for Leave to File a Third Amended Complaint should similarly be denied. "The majority of courts faced with this decision have refused to allow the amendment of a complaint that has been dismissed until the judgment is set aside pursuant either to Rule 59 or 60." *See Pelzer v. Gemco Ware Inc.*, 857 F. 2d 1469 (Table), at *2 (4th Cir. 1988). "Otherwise, the liberal amendment policy of Rule 15(a) would be used to defeat a philosophy favoring finality of judgments." *Id.* This Court has already dismissed Plaintiff's Complaint (ECF No. 110) and

Plaintiff should only be permitted to amend his Complaint if this Court sets aside the Judgment pursuant to Rule 59 or 60, which, for all the reasons provided herein, would be improper. As such, Plaintiff's Motion for Leave to File a Third Amended Complaint should be denied.

## CONCLUSION

For these reasons, Defendant respectfully requests that this Court deny Plaintiff's "Rule 59 Motion For New Trial Or In The Alternative Motion For Relief From Judgment And Order Under Fed. Rule 60(b) Regarding Both Feb. 14th & 15th, 2023 Judgment And Order (ECF No.'s 109 & 110)" and his Motion for Leave to File a Third Amended Complaint. (ECF No. 113.)

**K&L GATES LLP**

By: _/s/ M. Claire Healy_
M. Claire Healy (*neé* Flowers)
Federal Bar No. 13411
E-Mail Address: claire.healy@klgates.com
134 Meeting Street, Suite 500
Charleston, SC 29401
(843) 579-5600

Attorneys for Defendant T-Mobile USA, Inc.

Charleston, South Carolina

March 30, 2023

9

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Nelson L. Bruce, ) | Civil Action No. 2:21-CV-00895-BHH-MGB |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **CERTIFICATE OF SERVICE** |
| T-Mobile USA, Inc. et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

I hereby certify that a copy of **DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S RULE 59 MOTION FOR NEW TRIAL OR IN THE ALTERNATIVE MOTION FOR RELIEF FROM JUDGMENT AND ORDER UNDER FED. RULE 60(b) REGARDING BOTH FEB. 14th & 15th, 2023 JUDGMENT AND ORDER (ECF NO.'s 109 & 110) AND PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT** has been served upon Plaintiff by mailing a copy of the same to him, postage prepaid, in the United States Mail, to the address as shown below, on the 30th day of March 2023:

**Nelson L. Bruce**
**144 Pavilion Street**
**Summerville, SC 29483**


/s/ M. Claire Healy
M. Claire Healy (neé Flowers)
claire.flowers@klgates.com
K&L GATES LLP
134 Meeting Street, Suite 500
Charleston, SC  29401
Phone:  843.579.5600
Fax:  843.579.5601