IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Nelson L. Bruce, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 2:21-cv-895-BHH |
| v. ) | |
| ) | **ORDER** |
| T-Mobile USA, Inc., d/b/a T-Mobile, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Plaintiff Nelson L. Bruce ("Plaintiff" or "Bruce"), proceeding *pro se* and *in forma pauperis*, filed this action in March of 2021, alleging that Defendant T-Mobile USA, Inc. ("Defendant" or "T-Mobile") violated the Fair Credit Reporting Act ("FCRA") by making an unauthorized and unlawful inquiry into his credit on May 18, 2020. On April 22, 2022, Defendant filed a motion for judgment on the pleadings, which was referred to a United States Magistrate Judge for preliminary review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d), D.S.C.

On August 1, 2022 Magistrate Judge Mary Gordon Baker issued a report and recommendation ("Report") outlining the issues and recommending that the Court grant Defendant's motion for judgment on the pleadings. Plaintiff filed objections to the Report, but after consideration, the Court entered an order on February 14, 2023, overruling Plaintiff's objections, adopting the Magistrate Judge's Report, and granting Defendant's motion for judgment on the pleadings. (ECF No. 109.) Judgment was entered on February 15, 2023. (ECF No. 110.)

Subsequently, Plaintiff filed a "Rule 59 motion for new trial or in the alternative

motion for relief from judgment under Fed. Rule 60(b) regarding both the. Feb. 14th & 15th, 2023 judgment and order." (ECF No. 112.) Plaintiff also filed a motion for leave to file a third amended complaint. (ECF No. 113.) On March 30, 2023, Defendant filed a response in opposition to Plaintiff's motions. (ECF No. 115.)

## STANDARDS OF REVIEW

The Federal Rules of Civil Procedure allow a litigant subject to an adverse judgment to file either a motion to alter or amend pursuant to Rule 59(e) or a motion seeking relief from the judgment pursuant to Rule 60(b). Although the rules appear similar, they are distinct. Reconsideration of a judgment pursuant to Rule 59(e) is an extraordinary remedy that should be used sparingly. *See Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir.1998); *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n. 5 (2008). Ordinarily, a court may grant a motion to alter or amend pursuant to Rule 59(e) for only three reasons: (1) to comply with an intervening change in controlling law; (2) to account for new evidence not available previously; or (3) to correct a clear error of law or prevent manifest injustice. *Pac. Ins. Co.*, 148 F.3d at 403.

By contrast, Rule 60(b) provides that a court may relieve a party from an adverse judgment if the party shows either:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, which reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

## **ANALYSIS**

As an initial matter, the Court notes that Plaintiff seeks a new trial in his motion, presumably pursuant to Rule 59(a)(1). However, because there was no trial in this matter. Plaintiff is not entitled to relief pursuant to Rule 59(a)(1). Next, to the extent Plaintiff intended to seek relief pursuant to Rule 59(e), the Court finds no basis for relief. In other words, relief is not warranted (1) to comply with an intervening change in controlling law; (2) to account for new evidence not available previously; or (3) to correct a clear error of law or prevent manifest injustice. *See Pac. Ins. Co.*, 148 F.3d at 403. Accordingly, the Court finds that Plaintiff is not entitled to relief pursuant to Rule 59(e).

Next, with respect to Plaintiff's arguments arising under Rule 60(b), the Court first notes that Plaintiff does not specify which of Rule 60(b)'s six substantive grounds support his arguments. Instead, Plaintiff asserts that the Court made "an incorrect finding of facts in this case . . . ." (ECF No. 112 at 1.) Thus, it would appear that Plaintiff seeks relief pursuant to either Rule 60(b)(1) for "mistake" or "inadvertence," or Rule 60(b)(6) for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1) and (6).

After consideration of Plaintiff's arguments and the record as a whole, the Court finds no basis for relief under Rule 60(b). Stated plainly, Plaintiff's motion merely reiterates the arguments that the Court previously considered and specifically rejected, and Plaintiff offers no additional evidence, changed law, or new circumstances that would entitle him to relief under any of the Rule 60(b) grounds. Ultimately, because the Court finds no merit to Plaintiff's arguments, the Court denies his motion for relief from judgment.

Additionally, because the Court finds no reason to set aside its judgment, Plaintiff

3

should not be entitled to amend his complaint. Accordingly, the Court also denies Plaintiff's motion for leave to file a third amended complaint.

Based on the foregoing, it is hereby **ORDERED** that Plaintiff's motion filed pursuant to Rules 59 and 60 (ECF No. 112) and Plaintiff's motion for leave to file a third amended complaint (ECF No. 113) are both **DENIED.**

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

June 29, 2023
Charleston, South Carolina